**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MICHAEL TAYLOR,                       :
                                      :      Civil Action No. 12-4881 (JBS)
              Petitioner,             :
                                      :
       v.                             :      **OPINION**
                                      :
CHRISTOPHER HOLMES,                   :
                                      :
              Respondent.             :


**APPEARANCES:**

**MICHAEL TAYLOR**, Petitioner pro se
170209
South Woods State Prison
215 Burlington Road South
Bridgeton, N.J. 08302


**SIMANDLE, Chief Judge**

       Petitioner Michael Taylor ("Petitioner"), a prisoner
currently confined at South Woods State Prison in Bridgeton, New
Jersey, has submitted a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241.  The respondent is Christopher
Holmes, administrator of South Woods State Prison.

## I. BACKGROUND

       Petitioner is scheduled to visit the law library at the
prison on Tuesdays and Thursdays.  On or about July 3, 2012,
Petitioner was removed from the schedule and he is being denied

access to the law library.  He alleges that this violates his

Fifth and Fourteenth Amendment rights.  Based on these facts, he

is seeking a writ of habeas corpus so his "custody may be

inquired into" and that he is "released from custody."

**II. DISCUSSION**

**A. Legal Standard**

"Habeas corpus petitions must meet heightened pleading

requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).

Habeas Rule 2(c) requires a petition to "specify all the grounds

for relief available to the petitioner," "state the facts

supporting each ground," "state the relief requested," be

printed, typewritten, or legibly handwritten, and be signed under

penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable

through Rule 1(b).

Habeas Rule 4 requires the court to sua sponte dismiss a

petition without ordering a responsive pleading "[i]f it plainly

appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court."  28

U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus,

"[f]ederal courts are authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face."

McFarland, 512 U.S. at 856.  Dismissal without the filing of an

answer has been found warranted when "it appears on the face of

the petition that petitioner is not entitled to [habeas] relief."

<u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985).  <u>See</u> <u>also</u> <u>Mayle v.</u>

<u>Felix</u>, 545 U.S. 644, 655 (2005).

**B. Analysis**

**1. Habeas Jurisdiction**

Section 2241 of Title 28 of the United States Code confers

jurisdiction on district courts to issue writs of habeas corpus

in response to a petition from a prisoner who is "in custody in

violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3).  Section 2254 confers

jurisdiction on district courts to issue "writs of habeas corpus

on behalf of a person in custody pursuant to the judgment of a

state court ... on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).

In <u>Coady v. Vaughn</u>, 251 F.3d 480 (3d Cir. 2001), a

Pennsylvania prisoner filed a petition pursuant to 28 U.S.C. §§

2241 and 2254 challenging a decision of the state parole board

denying his application for release on parole.  On appeal, the

Third Circuit determined that the District Court had no

jurisdiction under § 2241, and the exclusive remedy for a state

prisoner who challenged his detention is a habeas corpus petition

pursuant to 28 U.S.C. § 2254. The Third Circuit explained:

> It is a well-established canon of statutory
> construction that when two statutes cover the
> same situation, the more specific statute
> takes precedence over the more general one....

> In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Coady, 251 F.3d at 484-85 (citations, internal quotation marks and footnote omitted); accord Washington v. Sobina, 509 F.3d 613, 619 n. 5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.")

At the outset, the Court notes that Petitioner does not identify any state court sentence that he is attacking. Rather, he is only attacking the decision not to permit him access to the law library. However, his requested relief is "release from custody." Therefore, to the extent Petitioner did intend to attack a sentence or conviction, this Court lacks jurisdiction over any challenge to his New Jersey sentence and incarceration under § 2241. See Coady, 251 F.3d at 484-85; see also

Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006) (holding that habeas corpus petition seeking relief from state court judgment must be brought under § 2254, not § 2241); Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition").  This Court will dismiss the Petition for lack of jurisdiction under § 2241.[1]

## 2.   Civil Rights Jurisdiction

To the extent Petitioner intended to challenge the denial of law library access, this Court would not have habeas jurisdiction of any kind over said claim.  A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  The Third Circuit stated the following:

> [W]henever the challenge ultimately attacks the "core of habeas"-the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of

---

[1]This Court will not re-characterize the Petition as a § 2254 petition. See Castro v. United States, 540 U.S. 375, 383 (2003); In re Wagner, 421 F.3d 275 (3d Cir. 2005); Mason v. Myers, 208 F.3d 414 (3d Cir. 2000). If Petitioner elects to file a § 2254 petition, he must use the § 2254 form, see Local Civ. R. 81.2(a), and file it in a new docket number.

> the relief sought, must be brought by way of a
> habeas corpus petition. Conversely, when the
> challenge is to a condition of confinement such
> that a finding in plaintiff's favor would not alter
> his sentence or undo his conviction, an action
> under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  See also

Ganim v. Federal Bureau of Prisons, 235 F.App'x. 882, 2007 WL

1539942 (3d Cir. 2007) (challenge to garden-variety transfer not

cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221

F.App'x. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper

vehicle to challenge disciplinary proceeding resulting in loss of

good-time credits, but claims regarding sanctioned loss of phone

and visitation privileges not cognizable in habeas).

In the petition, Petitioner states that he is challenging

the prison's denial of access to the law library.  However,

habeas relief is available only when prisoners "seek to

invalidate the duration of their confinement-either directly

through an injunction compelling speedier release or indirectly

through a judicial determination that necessarily implies the

unlawfulness of the [government's] custody," Wilkinson v. Dotson,

544 U.S. 74, 81 (2005), and though Petitioner does request that

he be released from custody, the only facts alleged in the

petition relate solely to an access to the courts claim.  As

such, it appears that Petitioner is actually raising a civil

rights claim.  This Court lacks habeas jurisdiction over any

civil rights claims raised in the § 2241 petition and therefore,

to the extent that Petitioner alleges a denial of access to the

courts or other conditions of confinement claims under § 2241,

this Court will dismiss those claims for lack of jurisdiction.[2]

See Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) (District

Court lacked habeas jurisdiction to entertain claim that prison

officials referred him to the Special Management Unit as

punishment for filing lawsuits against Bureau of Prisons);

Bonadonna v. United States, 446 F. App'x 407 (3d Cir. 2011)

(District Court properly dismissed § 2241 petition seeking

restoration of soft shoes pass because petitioner did not

challenge duration or fact of his confinement).

---

[2] The dismissal is without prejudice to any right Petitioner may have to assert his civil rights claims in a properly filed complaint, pursuant to 42 U.S.C. § 1983. The filing fee for a habeas petition is $5.00. In contrast, the filing fee for a § 1983 complaint is $350.00, and inmates filing a § 1983 complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from their prison account. See 28 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Because of these differences, this Court will not sua sponte re-characterize the pleading as a civil complaint. If Petitioner chooses to bring a civil complaint, he may do so by filing a separate § 1983 complaint which will be assigned a new docket number.

**III. CONCLUSION**

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

Dated:  **October 3, 2012**

                                                   **s/ Jerome B. Simandle**
                                                   JEROME B. SIMANDLE
                                                   United States District Judge